UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEO FELIX CHARLES, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:13-cv-1505 (MPS) |
| : | |
| JOHN FRAZIER, et al., : | |
|     Defendants. : | |

INITIAL REVIEW ORDER

The plaintiff, Leo Felix Charles, currently incarcerated at the New Haven Correctional Center in New Haven, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983 (2000). He names as defendants John Frazier, Dawn Hicks, Joyal, Hollny, William Cardona, Green, Emilia, Garrett, Dennis Roche, Walter Ford, Timothy Farrell, Michael Lajoie, James Dzurenda and Leo C. Arnone.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

      The plaintiff was arrested on a charge of domestic abuse.  He alleges that he was threatened with death by Allen Boulware, the man with whom his victim was having an affair.  This individual was a member of the Security Risk Group known as the Blood.  The plaintiff reported this threat to the judge hearing his case and the judge included a recommendation for segregated confinement on the mittimus.  Upon his arrival at the Bridgeport Correctional Center, the plaintiff requested housing in protective custody.  Although this request was denied, the plaintiff was never informed of the decision.  The plaintiff was transferred to the Hartford Correctional Center.  The plaintiff consistently refused housing in general population, earning several disciplinary reports for the refusals.

      When the plaintiff continued to complain about his safety, he was returned to Bridgeport Correctional Center where he was attacked by inmate Boulware.  The plaintiff was then returned to Hartford Correctional Center.  In October 2012, while the plaintiff was working at his inmate job, defendant Frazier opened security doors separating the plaintiff's work area from the housing unit.  Inmate Parsons assaulted the plaintiff while defendant Frazier stood by and did nothing.  Following the assault, the plaintiff received medical treatment in the facility and at the hospital.

      The plaintiff refused to waive his right to press charges against inmate Parsons.  The plaintiff began to argue with defendant Hicks, who refused to call the state police.  The plaintiff used a rude hand gesture and was escorted to segregation.  Although he complied with the order

to be strip searched, the plaintiff continued to use the hand gesture.  As a result, defendants Hollny and Joyal used excessive force against him with the approval of defendant Hicks.  The plaintiff received an injury to his shoulder which required shoulder replacement surgery.  The plaintiff has been denied access to the video recording of his transport to segregation, the search and use of force.  The plaintiff received a false disciplinary charge as a result of the second assault.   The case will proceed against the defendants at this time.

## ORDERS

Accordingly, the court enters the following orders:

(1) The **Clerk shall** verify the current work addresses for the defendants with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet containing the complaint to each defendant at the confirmed address within **fourteen (14) days** of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** prepare a summons form and send an official capacity service packet containing the complaint to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within fourteen (14) days from the date of this order and to file a return of service within twenty (20) days from the date of this order.

(3) The **Clerk shall** send a courtesy copy of the Complaint to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 25th day of October 2013, at Hartford, Connecticut.

                                                     /s/
                                           Michael P. Shea
                                           United States District Judge