# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEO FELIX CHARLES,<br>*Plaintiff*,<br><br>v.<br><br>JOHN FRAZIER, ET AL.,<br>*Defendants*. | Case No. 13-cv-1505 |

**RULING AND ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

On June 18, 2018, counsel for Mr. Charles moved to temporarily restrain the State of Connecticut from disbursing a portion of the Settlement proceeds in this matter. ECF No. 126.

For the reasons that follow, the motion is **DENIED**.

First, counsel failed to submit a memorandum of law in support of the motion, as required by this District's Local Rules. *See* Local R. of Civ. P. 7(a) ("Any motion involving disputed issues of law shall be accompanied by a memorandum of law[.]"). Even if that were not the case, counsel failed to identify any relevant law or specify why the circumstances in this case meet the standard for a temporary restraining order. *See, e.g.*, *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (in preliminary injunction context, requiring showing of "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief") (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d

Cir. 1979)); *see also Local 1814 Int'l Longshoreman's Ass'n v. New York Shipping Assoc., Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) (holding that the standard is the same for a preliminary injunction and a temporary restraining order).

Finally, even if the motion had been sufficiently detailed to substitute for a memorandum of law, this motion suffers from a more serious flaw: granting it likely would be tantamount to granting an *ex parte* temporary restraining order, which is discouraged under this Chambers' practices. *See* Pretrial Preferences, available at http://www.ctd.uscourts.gov/content/victor-bolden ("Judge Bolden will not grant ex parte relief on motions for temporary restraining orders unless the movant can demonstrate extraordinary circumstances."). While Mr. Frazier obviously is notified of this filing, Mr. Charles is in custody and hardly in a position to respond to this motion. As a result, the Court likely would have to grant this motion without hearing from the Plaintiff and without the Plaintiff having an opportunity to respond to it.

The Court therefore concludes that Counsel has failed to meet the procedural requirements of the Local Rules and of this Chambers, and has failed to support his motion with relevant law. The motion therefore is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of June, 2018.

/s/ Victor A. Bolden
THE HONORABLE VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE